used, the burden of explaining the cause of the accident and of showing freedom from negligence is upon the defendant. Schnizer v. Phil ips, 108 App. Div. 17, 95 N. Y. Supp. 478; Fox v. Buffalo Park, 21 App. Div. 321, 47 N. Y. Supp. 788; affirmed 163 N. Y. 559, 57 N. E. 1109. The defendants seem to have recognized this principle, and upon the trial attempted to show that the accident was due to a sudden and unusual weight upon the parts affected, caused by the presence of a large number of people producing a strain beyond the ordinary uses of the passageway and in a manner not contemplated. This evidence was disputed by the rehearsal of contrary facts by the plaintiff. This raised an issue for the determination of the trial court. Its finding in favor of the plaintiff is conclusive under the circumstances of this case.

The judgment is affirmed, with costs to the respondent.

Judgment affirmed, with costs to respondent.

---

(52 Misc. Rep. 424)

## In re JACK.

(Surrogate's Court, Niagara County. January 10, 1907.)

INDIANS—PROBATE JURISDICTION OF STATE COURTS.

Indian Law, Laws 1892, p. 1574, c. 679, § 2, providing that a native Indian may take, hold, and convey real property the same as a citizen, does not give Surrogate Courts jurisdiction over the estates of native Indians.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indians, § 21.]

Application by Havemeyer Jack and another, as executors of the will of Catharine Jack, deceased, to have the same admitted to probate. Application denied.

John H. Leggett, for proponents.

HICKEY, S. This is an application by Havemeyer Jack and Marvin Jack, Tuscarora Indians, the executors named in the last will and testament of Catharine Jack, deceased, to have the same admitted to probate. Catharine Jack was a Tuscarora Indian woman residing upon the Tuscarora Reservation in Niagara county.

It was held in Dole, Adm'r, v. Irish, 2 Barb. 639, that Surrogates' Courts have no jurisdiction over the estates of Indians. But counsel for proponents urges that the Indian law has been materially changed since the rendering of the above decision. He contends that under section 2 of the Indian law (chapter 679, p. 1574, Laws 1892) jurisdiction of Indians' estates is impliedly conferred upon the Surrogates' Courts. This section is in the main a re-enactment of section 4 of chapter 87, p. 63, of the Laws of 1843. Section 5 (page 1575) of the present Indian law, relative to actions by Indians in state courts, is substantially the same as section 14 of chapter 365, p. 468, Laws of 1847. Both these earlier laws were in effect at the time of the decision in Dole v. Irish. I find nothing in the later statute conferring or tending to confer jurisdiction over Indians' estates upon Surrogates' Courts

that was not in the earlier law. As the decision in Dole v. Irish was a construction of the statutes as they then stood, and as those statutes have not since been materially changed so. far as conferring jurisdiction upon Surrogates' Courts is concerned, it follows that the law as laid down in that case still holds good and is binding upon this court. Furthermore, I fully concur with Justice Mullett, who wrote the opinion in Dole v. Irish, that, when it becomes necessary for the state courts to further extend their jurisdiction over the Indians and their property, it must be done through the Legislature; "and it does not become the judiciary voluntarily to march forward in such enterprises."

In this connection it might be·stated that at the 1905 session of the Legislature a bill was introduced conferring jurisdiction over Indians' estates upon the Surrogates' Courts of the state. This measure, as I am reliably informed, was opposed by the Indians all over the state with substantial if not entire unanimity. ·This opposition of the Indians indicated that they did not recognize the Surrogates' Courts as having jurisdiction over their estates, and the failure of the Legislature to pass the bill might be said to indicate that in the judgment of that body the time had not yet arrived when such jurisdiction should be conferred. A similar measure was introduced a few years earlier with the same results. This opposition of the Indians, together with the refusal of the Legislature to enact a law conferring jurisdiction, affords a sort of practical construction of the statutes in accordance with the views laid down in Dole v. Irish.

Counsel also urge₂ that, while Surrogates' Courts have jurisdiction to grant administration in Indians' estates, such estates must nevertheless be distributed according to Indian laws or customs and not according to state laws. This argument seems to me quite illogical. If the Surrogates' Courts have jurisdiction over Indians' estates for any purpose, they must have jurisdiction for every purpose.

The application for probate is denied, and proponent is given leave to withdraw the alleged will from the files of this office.